# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>v.<br><br>EVER QUINTANA-LOPEZ,<br><br>   *Defendant.* | Case No. 22-10033-EFM |

## MEMORANDUM AND ORDER

  Before the Court is a letter filed by Pro Se Defendant Ever Quintara-Lopez in which he asks the Court to appoint him a new attorney; his letter is docketed as a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 119). In its response, the Government urges the Court not to recharacterize Defendant's letter as a request under § 2255 before warning Defendant about the consequences of such a recharacterization. Secondly, the Government asks the Court to deny Defendant's request for appointment of new counsel. For the reasons stated herein, the Court declines to appoint Defendant new counsel, advises Defendant that it intends to recharacterize his letter as a request under § 2255, informs him of the consequences of such a recharacterization, and grants Defendant the opportunity to withdraw or amend his request.

###     I.   Factual and Procedural Background

  On March 27, 2024, Defendant pled guilty to one count of fentanyl possession with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On October 15, 2024, this Court sentenced Defendant to 192 months of imprisonment followed by five years of supervised

release. This sentence reflected Defendant's request for downward departure from the sentencing guideline range.

On November 11, 2024, Defendant filed a Notice of Appeal. At the Government's request to enforce the appeal waiver contained in Defendant's plea agreement, the Tenth Circuit dismissed Defendant's appeal on January 29, 2025, During the appeal process, on December 4, 2024, Defendant's trial counsel was permitted to withdraw, and Defendant was appointed appellate counsel.

While his appeal was pending, one day before his new counsel was appointed, Defendant postmarked a pro se letter to the Court. In the letter, he indicated that he was dissatisfied with his trial counsel's performance and requested that the Court appoint him new counsel. Plaintiff's letter makes no reference to § 2255, but Plaintiff's letter was designated as a motion pursuant to 28 U.S.C. § 2255 on the docket. On January 13, 2025, the Government responded to Defendant's request. Defendant did not reply.

## II. Analysis

"After any direct appeal in a criminal action, a defendant's 'exclusive remedy' for challenging his conviction or sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective."[1] Under § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.[2]

---

[1] *United States v. Dixon*, 2020 WL 2473700, at *1 (D. Kan. May 13, 2020) (citations omitted).

[2] 28 U.S.C. § 2255(a).

But this relief is limited. There is a 1-year period in which such a request must be made,[3] and in order to make a second or successive motion under this statute, a defendant must seek certification from the appropriate court of appeals.[4]

Here, Defendant makes no mention of § 2255 in his letter. But because the Tenth Circuit dismissed his appeal, Defendant has exhausted his direct appeal options. Consequently, his exclusive remedy to challenge his sentence is under § 2255. In *Castro v. United States*, the Supreme Court held that before a district court recharacterizes a pro se litigant's filing as a request for relief under § 2255,

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.[5]

In accordance with *Castro*, the Court informs Defendant that it intends to recharacterize his letter as a request for relief under § 2255 unless he informs the Court otherwise. The Court cautions Defendant that, unless he withdraws his request, his ability to bring a "second or successive" motion under § 2255 will be limited in the following ways. Before filing a second motion under § 2255 he must seek certification from the Tenth Circuit that his second motion contains (1) newly discovered evidence sufficient to challenge the evidentiary basis of his conviction or (2) a new rule of constitutional law made retroactive by the Supreme Court.[6]

---

[3] 28 U.S.C. § 2255(f).

[4] 28 U.S.C. § 2255(h).

[5] *Castro v. United States*, 540 U.S. 375, 383 (2003).

[6] 28 U.S.C. § 2255(h).

If Defendant does not wish a subsequent request under § 2255 to be limited in these ways, Defendant may withdraw his request. Or, if Defendant wishes to amend his letter so that it contains all claims he believes he may have under § 2255, Defendant may amend his request accordingly.

In his letter, Defendant makes a request for the appointment of new counsel. He expresses dissatisfaction with his trial counsel's representation. Of note, Defendant postmarked his letter one day before the Tenth Circuit appointed appellate counsel to assist Defendant. As such, it appears that Defendant's request for new counsel was satisfied one day after he sent his letter to this Court.

However, insofar as Defendant makes a request for new counsel to aid him in filing a § 2255 motion, that request is denied. There is no constitutional right to counsel when a prisoner mounts a collateral attack upon a conviction or sentence.[7] But the Court does have discretion to appoint counsel to a financially eligible defendant seeking relief under § 2255 when the interests of justice so require.[8]

Here, at his change of plea hearing, Defendant affirmed—under oath—that he was satisfied with his counsel. Further, the Court granted Defendant's well-reasoned motion—filed by Defendant's trial counsel—for a downward departure from the sentencing guidelines. As such, the Court finds the interests of justice do not require appointment of new counsel to aid Defendant in challenging his trial counsel's performance.

**IT IS THEREFORE ORDERED** that on or before July 14, 2025, Defendant must file a memorandum that (1) withdraws his request, or (2) amends his request to include any additional claims for relief he believes he may have under 28 U.S.C. § 2255. If Defendant does not withdraw or amend his request, Defendant is again cautioned that his ability to file a second or successive

---

[7] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[8] 18 U.S.C. 3006A(a)(2)(B).

-5-

request for relief under 28 U.S.C. § 2255 will be limited in the manner described in that statute and this order.

**IT IS FURTHER ORDERED** that Defendants' Request for Appointment of New Counsel is **DENIED** (Doc. 119).

**IT IS SO ORDERED**.

Dated this 12th day of May, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE