IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

    Case Nos. 22-10033-EFM & 24-1238-EFM

EVER QUINTANA-LOPEZ,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Ever Quintana-Lopez's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 119). Defendant presents this collateral attack on his sentence by alleging that his trial defense counsel was ineffective. The Government opposes Defendant's Motion. For the reasons stated herein, the Court denies Defendant's Motion.

**I.    Factual and Procedural Background**

On March 27, 2024, Defendant pled guilty to one count of fentanyl possession with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On October 15, 2024, this Court sentenced Defendant to 192 months' imprisonment to be followed by five years of supervised release. This sentence reflected Defendant's request for downward departure from the sentencing guidelines range contained in his plea agreement (the presentence report indicated that Defendant's guideline sentence should fall between 324 and 405 months). On November 11, 2024, Defendant filed a Notice of Appeal. Pursuant to an appeal waiver, the Tenth Circuit dismissed Defendant's appeal on January 29, 2025.

On December 18, 2024, Defendant filed a letter with the Court indicating that he was dissatisfied with his trial counsel's performance and requested that the Court appoint him new counsel. On May 13, 2025, this Court denied Defendant's request for appointment of new counsel. Further, the Court gave Defendant notice that, although his letter made no reference to 28 U.S.C. § 2255, because that statute provided Defendant with the only avenue to challenge his sentence, the Court intended to construe his letter as a request under § 2255. The Court gave Defendant the opportunity to withdraw his request for relief or supplement his request. Defendant did not withdraw his request or make any additional claims for relief. Accordingly, on July 16, 2025, the Court notified Defendant that it deemed his letter as a motion made under § 2255.

On September 3, 2025, the Court granted the Government's Motion to Compel Defendant's trial counsel to provide an affidavit regarding his representation of Defendant. Defendant's trial counsel complied. And on October 29, 2025, the Government filed its Response to Defendant's Motion under § 2255. Both the Government's Response and Defendant's trial counsel's affidavit were placed in the restricted document folder on the docket.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . If the

> motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea."[4] In *Strickland v. Washington*,[5] the Supreme Court created a two-prong test that a criminal defendant must meet to prevail on a claim for ineffective assistance of counsel.[6] Under this test, "a petitioner must show: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), overruled in part on other grounds by, *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id.* at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] *Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[5] 466 U.S. 668 (1984).

[6] *See id.* at 687–88.

him of the right to a fair trial."[7] Because the petitioner must meet both prongs of the test, "[a]n ineffective assistance claim may be resolved on either performance or prejudice grounds alone."[8]

### III.    Analysis

Defendant lodges several complaints against his trial counsel that can be grouped into two categories. First, he expresses discontent with how his counsel communicated with him. Second, he contends that his counsel did not provide a copy of the plea agreement and he did not understand the terms of the agreement. The Court will address each category of Defendant's complaints in turn.

Defendant alleges that his counsel was deficient by ineffectively communicating with him. Specifically, he says that his trial counsel did not provide him with discovery or other documents related to his case; he had to wait 30 months in the Harvey County Jail, and it took three months before his counsel came to visit him; and that, when his counsel did visit him, he refused to answer some of his questions or provided inappropriate answers. Defendant's trial counsel's affidavit describes several instances of when and how he communicated with Defendant and largely establishes that Defendant sought to enter a plea agreement in hopes of receiving a lenient sentence.

Defendant's trial counsel's motions practice evinces that he effectively communicated with Defendant about Defendant's circumstances: he filed a motion to suppress search, made objections to the pre-sentence investigation report, and filed a motion for downward departure. Further,

---

[7] *United States v. McPherson*, 2022 WL 1044922, at *3 (D. Kan. 2022) (citing *Strickland*, 466 U.S. at 687–88).

[8] *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000); *see also McPherson*, 2022 WL 1044922, at *3 ("A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.") (citation omitted).

Defendant's allegations that his trial counsel did not effectively communicate with him are contradicted by Defendant's sworn testimony at his change of plea hearing:

> THE COURT: Do you think you have had sufficient time to discuss your case with [your counsel]?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That would include the aspects of trial and any potential defenses that may be available to you. Do you feel like you have had time to discuss those issues?
>
> THE DEFENDANT: That's right.
>
> THE COURT: Are you satisfied with the advice and assistance given to you in this case by [your counsel]?
>
> THE DEFENDANT: Absolutely.

Because Defendant's assertions that his trial counsel did not effectively communicate with him are contradicted by his statements at the change of plea hearing, the Court gives them little weight.[9]

Defendant next asserts that he did not have a copy of his plea agreement and did not fully understand it. Specifically, he states that he signed the agreement because his counsel told him that he could appeal if he was sentenced to more than 10 years confinement. Defendant's trial counsel's affidavit demonstrates that Defendant was involved in negotiating the terms of his agreement and was aware of the terms. Moreover, Defendant's contentions that he did not review and understand the terms of his plea agreement are contradicted by his affirmations on the record.

> THE COURT: So I also want to make sure that you understand that after the advisory guideline sentence has been determined, there may be circumstances

---

[9] *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citations omitted).

where the court could depart upward or downward from that range, and that could result in a greater or even a lesser sentence than anticipated by you, [your counsel], or the Government. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: There also may be limited circumstances where even the Government can't appeal the sentence imposed by the Court. So by entering into this plea agreement, and if your plea is accepted by the Court, you could waive your right to appeal collaterally or just attack all or even part of your sentence if you believe that the sentence imposed was illegally handed down.

THE DEFENDANT: Yes.

. . .

THE COURT: And should the court elect not to follow the plea agreement that you entered into with the Government, and you are sentenced to a prison term within the prescribed authority of the Court but different or even more severe than what you anticipated, that would not alone, in and of itself, be a basis to withdraw your plea. So in other words, if you get a harsher sentence than what you anticipate, that is not a basis to withdraw your plea. Do you understand that?

THE DEFENDANT: Yes.

. . .

THE COURT: [H]ave you had sufficient opportunity to review the plea agreement, discuss it with [your counsel], and think about what it is that you are going to be doing today, Mr. Quintana?

THE DEFENDANT: Yes.

. . .

THE COURT: So, Counsel, can you represent to the Court that Mr. Quintana understands -- before we review the plea agreement -- understands the nature of the promises that he is making, the promise that are being made to him, and that the plea agreement represents the entire understanding made and discussed with the Government, [Counsel]?

[DEFENDANT'S COUNSEL]: Your Honor, I've gone over the plea agreement with the defendant and my understanding is that he understands it.

At the hearing, the Court asked Government counsel to read through portions of the plea agreement. This reading included a recognition of the fact that Defendant had "given up his rights

to appeal the Court's sentence" except if it departed or varied upward from the sentencing guidelines range. Further, it included an affirmation that Defendant had reviewed the evidence with his attorney, was satisfied with his attorney, and that he had "read the plea agreement, understands it, and agrees that it's true and accurate and not the result of any threats, duress, or coercion." After this in-court review of the plea agreement, the Court asked:

> THE COURT: So, Mr. Quintana, that was kind of a long way of going through the entire plea agreement, but do you believe that you understand the terms and the consequences of the plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.

Defendant's present claim that he was never provided with a copy of the plea agreement is contradicted by the record and by his trial counsel's affidavit. "[T]he 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding 'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'"[10] Here, Defendant offers no valid reason to depart from the truth contained in the statements he made on these very issues at his change of plea hearing. As such, the Court looks to Defendant's statements from his change of plea hearing, and finds that the advice he received "was within the range of competence demanded of attorneys in criminal cases."[11] Accordingly, Defendant cannot establish the first prong of the *Strickland* inquiry—that his counsel's performance was constitutionally deficient. Therefore, the Court denies Defendant's § 2255 request.

---

[10] *United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011) (quoting *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975)).

[11] *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[12] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[13] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 119) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of January, 2026.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[13] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).